All Law Division initial Case Management Dates will be heard via ZOOM.
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME/Zoom-Links/Agg4906_SelectTab/12
Remote Court date: 8/31/2022 10:00 AM

FILED
7/1/2022 1:33 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L005922
Calendar, A
18524630

FILED DATE: 7/1/2022 1:33 PM   2022L005922

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| PAMELA G. MALONEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2022L005922 |
| ) | |
| ) | Amount Claimed: In excess |
| WILLIAM F. DETTMAN, III, individually, and as agent ) | of $50,000.00, plus costs |
| of DOORDASH, INC., DOORDASH, INC., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

### Count I

### PAMELA G. MALONEY v. WILLIAM F. DETTMAN, III, individually, and as agent of DOORDASH, INC.

NOW COMES the Plaintiff, PAMELA G. MALONEY, by and through her attorneys, CARY J. WINTROUB & ASSOCIATES, who complains of the Defendant, WILLIAM F. DETTMAN, III, individually, and as agent of DOORDASH, INC., as follows:

1. That on or about July, 17, 2020, the Plaintiff, PAMELA G. MALONEY owned and operated a motor vehicle traveling eastbound on US20, at or near its intersection with Burns Boulevard, in the City of Burns Harbor, County of Porter and State of Indiana.

2. That on or about July 17, 2020, the Defendant, WILLIAM F. DETTMAN, III, owned and operated a motor vehicle traveling eastbound on US20, at or near its intersection with Burns Boulevard, in the City of Burns Harbor, County of Porter and State of Indiana.

3. That at all times herein, the Defendant, WILLIAM F. DETTMAN, III, was an agent of Defendant, DOORDASH, INC.

4. That at all times herein, the Defendant, DOORDASH, INC. operated an online food ordering and food delivery business in the City of Chicago, County of Cook and State of Illinois, among other locations.

5. That at all times herein, the Defendant, WILLIAM F. DETTMAN, III, was acting within the course and scope of his agency with Defendant, DOORDASH, INC.

6. That at all times material hereto, it was the duty of the Defendant, WILLIAM F. DETTMAN, III, individually, and as agent of Defendant, DOORDASH, INC., to exercise ordinary and reasonable care and caution for the safety of the Plaintiff, PAMELA G. MALONEY.

7. That at the time and place aforesaid, as the Plaintiff, PAMELA G. MALONEY was waiting for traffic to clear before proceeding to make a left turn, the front of the Defendant, WILLIAM F. DETTMAN, III vehicle collided with the rear of the Plaintiff, PAMELA G. MALONEY's vehicle, with great force.

8. That in violation of his duty, the Defendant, WILLIAM F. DETTMAN, III, individually, and as agent of Defendant, DOORDASH, INC., was careless and/or negligent in acting or failing to act in one or more of the following ways:

   a) Operated his vehicle without keeping a proper and sufficient lookout for other vehicles in and about the area, and more particularly, for the vehicle operated by the Plaintiff;

   b) Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions in the use of the way, or which endangered the safety of the Plaintiff, in violation of the provisions of 625 ILCS 5/11-601(a)

   c) Failed to decrease the speed of his vehicle so as to avoid colliding with another's vehicle, and more particularly with the vehicle operated by the Plaintiff, contrary to and in violation of the provisions of 625 ILCS 5/11-601(a);

   d) Followed the Plaintiff's vehicle more closely than was reasonable and prudent, having no regard for the speed of said vehicles and the condition of the traffic upon

FILED DATE: 7/1/2022 1:33 PM 2022L005922

the way, contrary to and in violation of the provisions of 625 ICLS 5/11-710(a);

e) Failed to give audible warning with his horn of the approach of his vehicle, although such warning was necessary to insure the safe operation of his vehicle, contrary to and in violation of the provisions of 625 ILCS 5/12-601(a); and/or

f) Failed to keep his vehicle under proper control and failed to stop, slow down or otherwise alter speed, movement or direction of said vehicle when danger of collision with another's vehicle was imminent.

8. That as a direct and proximate result of one or more of the aforesaid careless and/or negligent acts and/or omissions on the part of the Defendant, WILLIAM F. DETTMAN, III, individually, and as agent of Defendant, DOORDASH, INC., the Plaintiff, PAMELA G. MALONEY suffered and will, in the future, suffer injuries of a personal, permanent, and pecuniary nature.

WHEREFORE, the Plaintiff, PAMELA G. MALONEY, prays for the entry of judgment against the Defendant, WILLIAM F. DETTMAN, III, individually, and as agent of Defendant, DOORDASH, INC., in a sum in excess of FIFTY THOUSAND AND 00/100TH ($50,000.00) DOLLARS, plus costs of this suit.

### Count II

### PAMELA G. MALONEY v. DOORDASH, INC.

NOW COMES the Plaintiff, PAMELA G. MALONEY, by and through her attorneys, CARY J. WINTROUB & ASSOCIATES, who complains of the Defendant, DOORDASH, INC., as follows:

1. That on or about July 17, 2020, the Plaintiff, PAMELA G. MALONEY owned and operated a motor vehicle traveling eastbound on US20, at or near its intersection with Burns Boulevard, in the City of Burns Harbor, County of Porter and State of Indiana.

2. That on or about July 17, 2020, the Defendant, WILLIAM F. DETTMAN, III, owned and operated a motor vehicle traveling eastbound on US20, at or near its intersection with Burns Boulevard, in the City of Burns Harbor, County of Porter and State of Indiana.

3. That at all times herein, the Defendant, WILLIAM F. DETTMAN, III, was an agent of Defendant, DOORDASH, INC.

4. That at all times herein, the Defendant, DOORDASH, INC. operated an online food ordering and food delivery business in the City of Chicago, County of Cook and State of Illinois, among other locations.

5. That at all times herein, the Defendant, WILLIAM F. DETTMAN, III, was acting within the course and scope of his agency with Defendant, DOORDASH, INC.

6. That at all times material hereto, it was the duty of the Defendant, DOORDASH, INC., by and through its agent, WILLIAM F. DETTMAN, III, to exercise ordinary and reasonable care and caution for the safety of the Plaintiff, PAMELA G. MALONEY.

7. That at the time and place aforesaid, as the Plaintiff, PAMELA G. MALONEY was waiting for traffic to clear before proceeding to make a left turn, the front of Defendant, WILLIAM F. DETTMAN, III vehicle collided with the rear of the Plaintiff, PAMELA G. MALONEY's vehicle, with great force.

8. That in violation of its duty, the Defendant, DOORDASH, INC., by and through its agent, WILLIAM F. DETTMAN, III, was careless and/or negligent in acting or failing to act in one or more of the following ways:

    a) Operated his vehicle without keeping a proper and sufficient lookout for other vehicles in and about the area, and more particularly, for the vehicle operated by the Plaintiff;

    b) Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions in the use of the way, or which endangered the safety of the

FILED DATE: 7/1/2022 1:33 PM 2022L005922

Plaintiff, in violation of the provisions of 625 ILCS 5/11-601(a)

c) Failed to decrease the speed of his vehicle so as to avoid colliding with another's vehicle, and more particularly with the vehicle operated by the Plaintiff, contrary to and in violation of the provisions of 625 ILCS 5/11-601(a);

d) Followed the Plaintiff's vehicle more closely than was reasonable and prudent, having no regard for the speed of said vehicles and the condition of the traffic upon the way, contrary to and in violation of the provisions of 625 ICLS 5/11-710(a);

e) Failed to give audible warning with his horn of the approach of his vehicle, although such warning was necessary to insure the safe operation of his vehicle, contrary to and in violation of the provisions of 625 ILCS 5/12-601(a); and/or

f) Failed to keep his vehicle under proper control and failed to stop, slow down or otherwise alter speed, movement or direction of said vehicle when danger of collision with another's vehicle was imminent.

8. That as a direct and proximate result of one or more of the aforesaid careless and/or negligent acts and/or omissions on the part of the Defendant, DOORDASH, INC., by and through its agent, WILLIAM F. DETTMAN, III, the Plaintiff, PAMELA G. MALONEY suffered and will, in the future, suffer injuries of a personal, permanent, and pecuniary nature.

WHEREFORE, the Plaintiff, PAMELA G. MALONEY, prays for the entry of judgment against the Defendant, DOORDASH, INC., in a sum in excess of FIFTY THOUSAND AND 00/100TH ($50,000.00) DOLLARS, plus costs of this suit.

CARY J. WINTROUB & ASSOCIATES
Attorneys for Plaintiff
10 S. LaSalle, Suite 2424
Chicago, Illinois 60603
312-726-1021
ATTY No. 44667
docs@cjwlaw.com

CARY J. WINTROUB & ASSOCIATES

By: _____
Cary J. Wintroub

FILED DATE: 7/1/2022 1:33 PM   2022L005922

## AFFIDAVIT OF DAMAGES

## IN ACCORDANCE WITH SUPREME COURT RULE 222

The undersigned being first duly sworn upon oath, deposes and states that he is the attorney for the plaintiff in the above entitled cause of action seeking money damages, and states that this cause of action **DOES** exceed $50,000.00.

CARY J. WINTROUB & ASSOCIATES

By: _____
Cary J. Wintroub

SUBSCRIBED and SWORN to before me

this ___1st___ day of ___July___, 2022.

_____
Notary Public

OFFICIAL SEAL
CINTHYA L ALEJANDREZ
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES: 12/11/2024

CARY J. WINTROUB & ASSOCIATES
Attorneys for Plaintiff
10 South LaSalle Street
Suite 2424
Chicago, Illinois 60603
(312) 726-1021
docs@cjwlaw.com